JOHN R. MANNING
Attorney at Law
4005 Manzanita Ave, Ste. 6-8
Carmichael, CA 95608
(916) 444-3994
jmanninglaw@yahoo.com

Attorney for Defendant
Francisco Cornejo Quezada

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-00304-JAM |
| Plaintiff, | **SIXTH STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME** |
| v. | |
| FRANCISCO CORNEJO QUEZADA, SHAWN ERIC MORALES, Sr., and RENEE MICHELE HERMANN | DATE: May 19, 2026 (requested date) TIME: 9:00 a.m. COURT: Hon. John A. Mendez, Senior District Court Judge |
| Defendants. | |

The United States of America through its undersigned counsel, Robert Abendroth, Assistant United States Attorney, together with counsel for defendant Francisco Cornejo Quezada, John R. Manning, Esq., counsel for defendant Shawn Eric Morales, Mark J. Reichel, Esq., and, counsel for defendant Renee Michele Hermann, Michael D. Long Esq., hereby stipulate the following:

1. By previous order, this matter was set for status conference on February 10, 2026, at 9:00 a.m., before Senior District Court Judge John A. Mendez.

2. By this stipulation, the parties now move to vacate the court appearance in this matter scheduled for February 10, 2026; continue the matter until **May 19, 2026, at 9:00 a.m.**, and to exclude time between February 10, 2026, and May 19, 2026, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] to allow defense counsel time to prepare. The parties agree and stipulate, and request the Court find the following:

1

a)      The government has produced discovery in this matter, to date, consisting of in excess of 900 pages of reports and 301 native files containing audio recordings, text messaging and excel files. In response to a lengthy informal discovery request on behalf of Mr. Cornejo-Quezada, the government has represented responsive materials may be forthcoming (government's counsel is conferring with the Agents) as well as objections to some of the requested materials.  The government has additionally confirmed certain materials can be provided to the defendants (specifically, Spanish to English summaries of the recordings and electronic messages - making review of the materials much easier going forward).  Defense counsel will need additional time to review the forthcoming materials provided by the government, review and respond as necessary to the government's objections to any of the informally requested discovery and confer with the defendants after providing them the noted summaries and transcripts.

b)      Counsel for defendants have met with their clients to discuss their respective cases.  Defense counsel desire additional time to conduct investigation into the charges, the alleged roles of their respective clients, and to review discovery in this case. Defense counsel will need additional time to discuss potential resolutions with their clients, prepare pretrial motions, and otherwise prepare for trial.

c)      Counsel for defendants believe that failure to grant the above requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of  February 10, 2026 to May 19, 2026,inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis

of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 2, 2026

/s/ JOHN R. MANNING
JOHN R. MANNING
Counsel for Defendant
FRANCISCO CORNEJO
QUEZADA

Dated:  February 2, 2026

/s/ MARK J. REICHEL
MARK J. REICHEL
Counsel for Defendant
SHAWN ERIC MORALES, Sr.

Dated:  February 2, 2026

/s/ MICHAEL D. LONG
MICHAEL D. LONG
Counsel for Defendant
RENEE MICHELE HERMANN

Dated:  February 2, 2026

ERIC GRANT
United States Attorney

/s/ ROBERT ABENDROTH
ROBERT ABENDROTH
Assistant United States Attorney

///
///
///
///
///

3

# ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, **ADOPTS** the stipulation of the parties in its entirety as its order.

IT IS SO ORDERED.

Dated: February 02, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

4