JOHN R. MANNING
Attorney at Law
4005 Manzanita Ave, Ste. 6-8
Carmichael, CA 95608
(916) 444-3994
jmanninglaw@yahoo.com


Attorney for Defendant
Francisco Cornejo Quezada


IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO CORNEJO QUEZADA,<br>SHAWN ERIC MORALES, Sr., and<br>RENEE MICHELE HERMANN<br><br><br>Defendants. | CASE NO.  2:24-cr-00304-JAM<br><br>**SEVENTH STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>DATE: August 25, 2026 (requested date)<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez, Senior District Court Judge |

The United States of America through its undersigned counsel, Robert Abendroth, Assistant United States Attorney, together with counsel for defendant Francisco Cornejo Quezada, John R. Manning, Esq., counsel for defendant Shawn Eric Morales, Mark J. Reichel, Esq., and, counsel for defendant Renee Michele Hermann, Michael D. Long Esq., hereby stipulate the following:

1.  By previous order, this matter was set for status conference on May 19, 2026, at 9:00 a.m., before Senior District Court Judge John A. Mendez.

2.  By this stipulation, the parties now move to vacate the court appearance in this matter scheduled for May 19, 2026; continue the matter until August 25, 2026, at 9:00 a.m., and to exclude time between May 19, 2026, and August 25, 2026, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] to allow defense counsel time to prepare.  The parties agree and stipulate, and request the Court find the following:

1

a)      The government initially produced discovery in this matter consisting of in excess of 900 pages of reports and 301 native files containing audio recordings, text messaging and excel files. In response to a lengthy informal discovery request on behalf of Mr. Cornejo-Quezada, the government recently produced an additional 61 Native Files containing aerial surveillance videos, 19 audio files, 17 spreadsheets (containing, but not limited to, wireless subscriber information, call logs, and summaries of recorded audio), and 15 files of text messages. Defense counsel needs additional time to review the materials recently provided by the government.  Additionally, the government has objected to providing some materials/information informally requested by the defense.  Defense counsel, after reviewing what has been produced, will also need additional time to respond as necessary to the government's objections.

b)      Counsel for defendants have met with their clients to discuss their respective cases.  Defense counsel desire additional time to conduct investigation into the charges, the alleged roles of their respective clients, and to review discovery in this case. Defense counsel will need additional time to discuss potential resolutions with their clients, prepare pretrial motions, and otherwise prepare for trial.

c)      Counsel for defendants believe that failure to grant the above requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of  May 19, 2026 to August 25, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest

2

of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 4, 2026                  /s/ JOHN R. MANNING
JOHN R. MANNING
Counsel for Defendant
FRANCISCO CORNEJO
QUEZADA

Dated:  May 4, 2026                  /s/ MARK J. REICHEL
MARK J. REICHEL
Counsel for Defendant
SHAWN ERIC MORALES, Sr.

Dated:  May 4, 2026                  /s/ MICHAEL D. LONG
MICHAEL D. LONG
Counsel for Defendant
RENEE MICHELE HERMANN

Dated:  May 4, 2026                  ERIC GRANT
United States Attorney

                                             /s/ ROBERT ABENDROTH
ROBERT ABENDROTH
Assistant United States Attorney

///
///
///
///
///
///

3

**ORDER**

Based on the stipulation of the parties, the status conference currently set for May 19, 2026, is **CONTINUED** to August 25, 2026, at 9:00 a.m.  Time is **EXCLUDED** through and including August 25, 2026, as described in the parties' Stipulation.

IT IS SO ORDERED.

Dated: May 05, 2026

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE